2008 MAY 15 PM 3:22

District Court, City and County of Denver, Colorado
1437 Bannock Street
Denver, Colorado 80202
Tel: (720) 865-8250

---

JUAN GUILLERMO VASQUEZ,

    Plaintiff,

vs.

**DENVER POLICE OFFICER CHARLES PORTER, INDIVIDUALLY, FOUR UNNAMED DENVER POLICE OFFICERS, INDIVIDUALLY AND SEVERALLY, DENVER POLICE DEPARTMENT AND CITY AND COUNTY OF DENVER,**

    Defendants.

Case Number:
08CV04116

Div: 5

---

Attorney For Plaintiff:
Douglas L. Romero, Esq.
200 S. Sheridan Blvd, Suite 150
Denver, Colorado 80226
Phone Number:  (303) 934-7500
Fax: (303)934-0300
Atty. Reg. #: 35464

**COMPLAINT FOR DAMAGES FOR USE OF EXCESSIVE POLICE FORCE**

---

COMES NOW the Plaintiff, JUAN GUILLERMO VASQUEZ, by and through its attorneys, Law Offices of Douglas L. Romero, Colorado Christian Defense Counsel, and for its Complaint in this matter, shows the Court the following:

## PARTIES

1. Plaintiff, Juan Guillermo Vasquez (Vasquez) is a 16 year old Hispanic male residing with his family at 2458 South Cherokee Street, Denver, Colorado.

2. At all times relevant herein, Defendant Charles Porter was an Officer with the Denver Police Department, acting in his official capacity, within the course and scope of his employment, and acting under color of law.

1

Delay Reduction Case      DEFENDANT'S EXHIBIT "A"

3.  At all times relevant herein, Defendants John Doe I, John Doe II, John Doe III and John Doe IV, were police officers with the City and County of Denver, acting in their official capacity, within the course and scope of his employment, and acting under color of law.

4.  At all times relevant herein, Defendant Denver Police Department is a department and agency of the City and County of Denver.

5.  At all times relevant herein, the City and County of Denver was a municipality in the State of Colorado.

## GENERAL ALLEGATIONS

6.  On or about 8:30 PM, April 18, 2008, Plaintiff Juan Guillermo Vasquez, was standing on the corner of 37th and Pecos Streets with two friends. Defendant Denver Police Department officers routinely patrol the area. Three Denver Police Patrol cars pulled up within one block from Plaintiff and his friends and one patrol car stopped in the middle of the street. Four Denver Police Officers, including Defendant Charles Porter and his partner, John Doe I, John Doe II, John Doe III and John Doe IV, exited their patrol vehicles and approached Plaintiff and his friends. Plaintiff and his friends ran and the Denver Police Officers gave chase. Plaintiff jumped over several fences as he ran with Denver Police Officer John Doe I in hot pursuit. Denver Police Officer John Doe I shouted at Plaintiff to stop or he would shoot him in the back. Denver Police Officer John Doe I then threw at and struck Plaintiff with a police issue flashlight with such force that it shattered upon impact when it hit Plaintiff's body. Plaintiff ran down an alley and saw Denver Police Officer John Doe II running toward him when he tripped and fell, at which point, Denver Police Officer John Doe I, jumped on Plaintiff's back and told Plaintiff: " You fucking little bastard you made me break my flashlight."

7.  While face down on the ground and with Denver Police Officer John Doe I lying on top of Plaintiff, Denver Police Officer John Doe I, demanded that Plaintiff put his hands behind his back at which point Plaintiff complied and extended both arms out from his sides; however, Denver Police Officer John Doe I, proceeded to strike Plaintiff on the side of his head with a closed fist. Denver Police Officer John Doe I, struck at least five blows to Plaintiff's head with his right fist. Plaintiff begged Denver Police Officer John Doe I, to stop punching him and told him he had his hands behind his back.

8.  Defendants Denver Police Officers John Doe II, John Doe III, John Doe IV, and Officer Charles Porter arrived on the scene and three Denver Police Officers proceeded to repeatedly kick Plaintiff in the head, back and sides as Denver Police Officer John Doe I remained on Plaintiff's back holding him down and striking him with his knee into Plaintiff's back. One of Defendants said: " The little bastard made

2

me rip my pants" and that Denver Police Officer proceeded to kick Plaintiff in the ribs. Plaintiff begged the Defendants to stop hurting him because he could not breathe and he was throwing up.

9. Defendant Denver Police Officer Charles Porter grasped the top of a fence with both hands and proceeded to jump up and down on Plaintiff's back with his full weight. Plaintiff cried for him to stop and begged for his life. Plaintiff continued to vomit and struggled to breathe.

10. Defendants handcuffed Plaintiff and pulled him to his feet using his hands handcuffed behind his back. Defendants then proceeded to question Plaintiff asking him if he fell and how many times he fell.

11. An ambulance arrived on the scene and Defendants took several pictures of Plaintiff's face and Plaintiff was loaded into the ambulance while handcuffed and transported to Denver Health. Plaintiff was hospitalized in the Intensive Care Unit (ICU) at Denver Health where he was handcuffed to the hospital bed.

12. Defendant suffered severe internal injuries including, but not limited to: lacerated liver, ruptured spleen, severe bruising of the kidneys, contusions to the head and face and severe bruising of the ribs.

13. On April 27, 2008, while Plaintiff was hospitalized and medicated Officer Chapman with Internal Affairs for Defendant Denver Police Department interrogated Plaintiff in violation of *Miranda* and his Sixth Amendment right to counsel.

14. Although never an immediate threat, Plaintiff was brutalized by Defendants and suffered severe injuries. Defendants Denver Police Officer Charles Porter and Defendants John Doe I, John Doe II, John Doe III and John Doe IV, all used excessive force, under the circumstances, which resulted in severe and life threatening injuries to Plaintiff. These acts were intentionally, knowingly, recklessly, willfully, wantonly, maliciously done by the Defendants and represented the official custom, practice or the policy of the City and County of Denver, through the officers of its Police Department, acting under color of law.

## FIRST CLAIM FOR RELIEF
(Against Defendant Police Officer Charles Porter and Denver Police Officer John Doe I, John Doe II, John Doe III and John Doe IV, Pursuant to 42 U.S.C. § 1983)

15. Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

16. The defendant police officers arrived on the scene and gave chase to Plaintiff, without exigent circumstances, and without probable cause, and used excessive force which resulted in severe injuries to Plaintiff Juan Guillermo Vasquez.

17. The acts and omissions of the officers constituted deliberate indifference and deprived decedent of the following rights and freedoms guaranteed by the Constitution of the Untied States, and made actionable pursuant to 42 U.S.C. § 1983:

   a. The right to be secure in his person against unreasonable seizure, is guaranteed by the Fourth Amendment;
   b. The right not to be deprived of his liberty without due process of law, as guaranteed by the Fifth Amendment, and
   c. The right not to have cruel and unusual punishment inflicted, as guaranteed by the Eighth Amendment.

18. As a direct and proximate result of the above deliberate indifference and violations of constitutional rights, together with the objectively unreasonable use of force, the plaintiff has suffered damages and injuries, including intentional infliction of emotional distress and post traumatic stress disorder, impairment of the quality of life, and loss of future income, in an amount to be proven at trial.

19. As a result of the above and foregoing, plaintiff seeks an award of compensatory, and special damages, attorney's fees pursuant to 42 U.S.C. § 1988, costs, expert witness fees, and legal interest from the date of the officer's actions and omissions.

### SECOND CLAIM FOR RELIEF
### (*Monell* Claim against the City and County of Denver Pursuant to 42 U.S.C. § 1983)

20. Plaintiff incorporates by this reference the allegations set forth in all preceding paragraphs, as if those allegations were set forth fully herein.

21. The deprivation of constitutional rights, as above alleged, occurred as a result of, during, or as a consequence of the execution of the policies, customs, or usages of the City and County of Denver, representing a deliberate or conscious choice by the defendant municipality adopted or maintained in deliberate indifference to the rights and interests of its citizens, including deliberate indifference to citizens' health and/or safety, and which ratify unlawful acts and omissions by its officers.

22. These policies, customs, or usages of the defendant City and County of Denver deprived the decedent of his rights, security, and liberties guaranteed to him by the Constitution of the United States, made actionable pursuant to 42 U.S.C. § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 E. Ed.2d 611 (1978) as elsewhere enumerated in this Complaint.

23. The policies, customs and usages of the City and County of Denver constituted deliberate indifference and deprived plaintiff of the following rights and freedoms guaranteed by the Constitution of the United States, and made actionable pursuant to 42 U.S.C. § 1983:

    a. The right to be secure, in his person and house, against unreasonable seizure, as guaranteed by the Fourth Amendment;
    b. The right not to be deprived of his liberty without due process of law; as guaranteed by the Fifth Amendment; and
    c. The right not to have cruel and unusual punishment inflicted, as guaranteed by the Eighth Amendment.

24. As a direct and proximate result of the above deliberate indifference and violations of constitutional rights, the plaintiff has suffered actual physical and emotional injuries in an amount to be proven at trial.

25. As a result of the above and foregoing, plaintiff seeks an award of compensatory, and special damages, attorney's fees pursuant to 42 U.S.C. § 1988, costs, expert witness fees, legal interest from the date of the officers actions and omissions.

WHEREFORE, Plaintiff prays for an entry of judgment in its favor and against the Defendants, both jointly and severally, in an amount to be determined at trial, prejudgment interest, attorney's fees, costs, together with such other relief as this court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (Constitutional Failure to Train and/or Supervise against the City and County of Denver, through other John Doe Defendants, pursuant to 42 U.S.C. § 1983)

26. Plaintiff incorporates by this reference all other paragraphs of this Complaint, as if those allegations were fully set forth herein

27. The Chief of Police of the City and County of Denver is a policy maker for the Police Department and, in that capacity, establishes policies, procedures, customs and/or practices for its police officers.

28. The John Doe officers, under the oversight of the Chief of Police, are responsible for the training and supervision of officers of the Denver Police Department including but not limited to Defendant Denver Police Officer Charles Porter and Denver Police Officers John Doe I, II, III and IV.

29. The policies, procedures, customs and/or practices established by the Chief of Police and imparted by the John Doe supervising officers are implemented by officers of the Denver Police Department.

30. The Chief of Police of the City and County of Denver developed and maintained policies, procedures, customs and practices exhibiting a deliberate indifference to the constitutional rights of persons in the City and County of Denver, which caused the violation of the Plaintiff's constitutional rights, as set forth above.

31. The John Doe supervising officers failed to adequately train and supervise officers of the Denver Police Department with respect to the use of force, which failure caused the violation of Plaintiff's constitutional rights as set forth above.

32. Defendants and the City and County of Denver were aware of the lack of training given to officers in the Denver Police Department in detailing with members of the public, to be free from constitutional violations committed as described in this Complaint.

33. If any training was given to police officers regarding civil rights of members of the public, to be free from constitutional violations, the Defendants knew that such training was reckless or grossly negligent and that further misconduct in that area was almost inevitable.

34. The infliction of injuries and deprivation of constitutional rights to the Plaintiff occurred as a result of or as a consequence of the execution of the policies, procedures, customs or usages of the Defendant City, policies representing a deliberate or conscious choice by the Defendant City, adopted or maintained in deliberate indifference to the rights and interests of its citizens, and which ratify unlawful acts by its officers, including but not limited to the following policies, customs or usages concerning the use of excessive force:

   a. A policy of providing inadequate training in the use of excessive force through the failure to require constitutionally adequate training;
   b. A policy of non-prosecution and a tacit authorization of the use of excessive force by its officers involved in incidents of excessive force leading to great bodily injury or death;
   c. A policy, custom or usage of failure to discipline, sanction or discharge officers involved in unjustified police shooting. The failure to terminate or even sanction or reprimand police officers resulting in the practical and legal effect of ratification by the Defendant City, endorsing the irresponsible use of force as part of a tacit City policy of condoning such irresponsibility;
   d. A policy of condoning and permitting the exercise of excessive force by police officers, regardless of the circumstances;
   e. A "cover-up" policy following police beatings and shootings; and

  f. A failure to follow up and discipline officers who have been found responsible in excessive force situations.

  35. Defendants had a statutorily imposed duty to protect the constitutional rights of the members of the public, including the decedent, from violations of those rights by members of the Police Department. By failing to properly train such officers, including Defendant Charles Porter, John Doe I, and the other John Doe Defendants, these Defendants violated the Plaintiff's constitutional rights.

  36. The direct result of Defendants' failure to train was the violation of decedent's rights, as previously described herein, resulting in Plaintiff's pain and suffering.

WHEREFORE, Plaintiff prays for:

 a. Compensatory damages in an amount sufficient to compensate for losses described in this Complaint;
 b. Punitive damages against the individual Defendants;
 c. Interest, both pre-judgment and post-judgment, as allowed by law;
 d. Attorney's fees and costs, pursuant to 42 U.S.C. § 1988; and
 e. Such other and further relief as this court deems just and proper.

**PLAINTIFF DEMANDS TRIAL TO A JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 15th day of May, 2008.

      **LAW OFFICES OF DOUGLAS L. ROMERO,**
      **COLORADO CHRISTIAN DEFENSE COUNSEL**

     By: **/S/ DOUGLAS L. ROMERO**
      Douglas L. Romero
      ATTORNEYS FOR PLAINTIFF
      200 South Sheridan Blvd., Suite 150
      Denver, Colorado 80202
      TELEPHONE: (303) 934-7500

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of May 2008; I caused the foregoing **COMPLAINT FOR DAMAGES FOR USE OF EXCESSIVE FORCE** to be placed in the United States Mail, postage prepaid addressed to the following:

Mayor John W. Hickenlooper
City and County Building
1437 Bannock Street, Suite 350
Denver, CO 80202

Officer Charles Porter
Denver Police Department
1331 Cherokee St., Room 504
Denver, CO 80204

Denver City Attorney's Office
1437 Bannock Street, Room 353
Denver, CO 80202

Denver City Attorney Litigation Dept.
201 W. Colfax Ave., Dept. 1108
Denver, CO 80202

State of Colorado Attorney General's Office
1525 Sherman Street
Denver, CO 80203

**/s/ ErikaYglesias**
Erika Yglesias